The opinion of the court was delivered by
Egan, J.
The defendants were jointly indicted, tried, and found guilty of larceny of a hog and sentenced each to two years imprisonment in the Penitentiary. Williams alone has appealed. He assigns as error in this court that the record does not disclose that a grand jury was ever impaneled at the term at which the indictment appears to have *920 been found, nor that the person whose name appears as foreman of the grand jury was ever appointed as such, or that he had any authority as such to indorse the indictment a true bill and sign the same. Our attention is also called to a bill of exceptions to the ruling of the court in permitting the other defendant, Weasel, to state upon the trial, and after the evidence liad closed and the opening argument of the District Attorney had been made, “ that he had been persuaded into the offense by (his co-defendant) Robert Williams, and that he had struck the first lick, and Williams finished the killing.” The bill states that this statement was made in obedience to the instruction of Weasel’s counsel, who was not the same who represented the defendant, Williams. The court states that permission to make this statement was asked for by the counsel for Weasel and not granted; but the court stated that the accused had the constitutional right to be heard by himself or by counsel, and that if he desired to do so he might address the jury in his own behalf, which he proceeded to do, and in this address the statement complained of was made. The defendants were being tried together at the time under a joint indictment for the same offense, and before the same jury which subsequently found them both guilty. The confession was not admissible in evidence against any one but the person making it. GreeDleaf’s Ev., volume one, third edition, sec. 233; State vs. Fontaine, 26 A. 513. It does not appear to have been so restricted by any instructions from the court, and was no more admissible when made in the form of an address to the jury than if made in the form of a plea of guilty, or an admission of guilt. Indeed, there is good authority for the position that if the accused be represented by counsel on his trial he has not the right to bo heard himself, and as a rule it is quite unusua-l to permit both. We think the judge erred as to this constitutional right where, as in this instance, he was so defended by counsel. At all events, neither under this nor any other pretext, could any statement or confession made by Weasel be heard to affect his co-defendant, Williams. That it was well calculated to do so, and to influence the verdict of the jury subsequently rendered, .can not be questioned. The State could not exclude his sworn testimony on the ground of his being “particeps criminis,” and yet avail itself of this unsworn statement against the other defendant, Williams. As to the errors assigned, the trial being in the same court where the bill was found, they might be corrected by certiorari if the facts were otherwise. State vs. Gates, 9 A. 94. But as we have concluded to remand the case on the other ground it is unnecessary to pass directly upon them.
It is therefore ordered, adjudged, and decreed that the verdict and sentence appealed from be avoided and set aside, and the case remanded for a new trial as to the defendant, Williams.